FILED

2018 MAY 18 AM 9: 34

CLERK, US DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS FLORIDA

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

UNITED STATES OF AMERICA

v.  CASE NO. 2:18-CR-71-FtM-99CM

MICHAEL FREY, M.D.  18 U.S.C. § 371

## INFORMATION

The United States Attorney charges:

### Introduction

At times material to this Information:

1. The Medicare Program (Medicare) was a federally-funded program that provided free or below-cost health care benefits to certain individuals, primarily the elderly, blind, and disabled. The benefits available under Medicare were governed by federal statutes and regulations. The United States Department of Health and Human Services (HHS), through its agency, the Centers for Medicare and Medicaid Services (CMS), oversaw and administered Medicare. Individuals who received benefits under Medicare were commonly referred to as Medicare "beneficiaries."

2. Medicare included coverage under two primary components, called "Parts." Part B of Medicare was a medical insurance program that covered, among other things, certain physician and outpatient services, and

other health care benefits, items, and services, including durable medical equipment (DME), which were medically necessary and ordered by licensed medical doctors or other qualified health care providers. DME was equipment that was designed for repeated use and for a medical purpose, such as transcutaneous electrical nerve stimulation units, knee braces, back braces, and other orthotics.

3. In Florida, Medicare Part B's DME-related health care benefits, items, and services were administered by CGS Administrators, LLC (CGS), pursuant to a contract with HHS. Among CGS's responsibilities, it received, adjudicated, and paid the claims of authorized DME suppliers that were seeking reimbursement for the cost of DME and other health care benefits, items, or services supplied or provided to Medicare beneficiaries.

4. TRICARE was a triple-option health care benefit plan of the United States Department of Defense Military Health System. Eligible TRICARE beneficiaries included members of all seven branches of the Uniformed Services: Army, Air Force, Navy, Marine Corps, National Oceanic Atmospheric Administration, Coast Guard, and the commissioned corps of the Public Health Service. TRICARE received federal funds allocated through the annual Department of Defense Appropriation Acts. A private corporation under contract with TRICARE acted as a "fiscal intermediary"

and was authorized to receive and process claims on behalf of TRICARE. Health care service providers were reimbursed with federal funds for benefits and services provided to TRICARE beneficiaries.

5. Medicare and TRICARE were "health care benefit program[s]," as defined by 18 U.S.C. § 24(b), and Federal health care programs, as defined by 42 U.S.C. § 1320a-7b(f).

6. The "Medical Equipment Provider" was a Florida limited liability company established in 2006, which operated in Fort Myers, Florida. The Medical Equipment Provider's business was as a TRICARE- and Medicare-authorized DME supplier.

7. A Florida for-profit corporation referred to herein as the "Medical Clinic" was established in 2001, and operated in Fort Myers, Florida. The Medical Clinic's business involved offering services in the field of pain management.

8. A Florida for-profit corporation referred to herein as the "Pharmacy" was established in 2010, and operated in Stuart, Florida. The Pharmacy provided a full range of pharmaceutical medications and compounding services, as well as comprehensive pharmaceutical consultations and care, for healthcare and veterinary medicine.

3

9. The Defendant, MICHAEL FREY, M.D., was a physician and an owner and managing member of the Medical Clinic.

10. The individual referred to herein as "Co-conspirator #1" was an owner and managing member of the Medical Equipment Provider. Co-conspirator #1 was also employed as a sales representative by the Pharmacy.

11. The individual referred to herein as "Co-conspirator #2" was also an owner and managing member of the Medical Equipment Provider.

## COUNT ONE
### Conspiracy
### (18 U.S.C. § 371)

1. The allegations contained in paragraphs 1 through 7 and 9 through 11 of the Introduction are incorporated by reference herein.

### A. The Agreement

2. From an unknown date, but no later than on or about March 5, 2010, and continuing through in or about May 2016, in the Middle District of Florida and elsewhere, the defendant,

MICHAEL FREY, M.D.,

did knowingly and willfully combine, conspire, confederate, and agree with others, both known and unknown to the United States Attorney, to solicit and receive remuneration (including kickbacks) directly and indirectly, overtly and covertly, in cash and in kind, from Co-conspirators #1 and #2, in return for

4

purchasing and ordering, and arranging for and recommending purchasing and ordering, any good and item, that is DME, for which payment was made in whole or in part under a Federal health care program, that is, the Medicare Part B and TRICARE programs, in violation of 42 U.S.C. § 1320a-7b(b)(1)(B).

### B. Manner and Means

3. The manner and means by which the conspirators sought to accomplish the purpose and object of the conspiracy included, among others, the following:

a. It was a part of the conspiracy that MICHAEL FREY, M.D. would and did receive unlawful remunerations from Co-conspirators #1 and #2 in exchange for the Medical Clinic's purchasing and ordering or arranging for the purchasing and ordering of DME, in particular, back braces, from the Medical Equipment Provider.

b. It was further a part of the conspiracy that Co-conspirators #1 and #2 would and did submit and cause the submission of Medicare and TRICARE claims for reimbursement for DME procured through the payment of unlawful remunerations to MICHAEL FREY, M.D.

c. It was further a part of the conspiracy that the conspirators would and did divert the fraud proceeds they received from Medicare and

5

TRICARE for their personal use and benefit, and to further their fraudulent scheme.

  d. It was further a part of the conspiracy that the conspirators would and did perform acts and make statements to misrepresent, hide, and conceal, and cause to be misrepresented, hidden, and concealed, the purpose of, and the acts done in furtherance of, said conspiracy.

### C.  Overt Acts

4. In furtherance of the conspiracy, and to accomplish its object and purpose, at least one of the conspirators committed and caused to be committed in the Middle District of Florida and elsewhere at least one of the following overt acts, among others:

  a. On March 5, 2010, MICHAEL FREY, M.D. paid Co-conspirator #1 $25,000 via check number 1604, drawn on MICHAEL FREY, M.D.'s Northern Trust account ending in 3768.

  b. On March 5, 2010, MICHAEL FREY, M.D. paid Co-conspirator #2 $25,000 via check number 1605, drawn on MICHAEL FREY, M.D.'s Northern Trust account ending in 3768.

  c. On or about the dates set forth below, each of which constitutes a separate overt act, MICHAEL FREY, M.D. received the following kickbacks from Co-conspirators #1 and #2 in the manner described:

6

| OVERT ACT | PAYMENT DATE | PAYMENT AMOUNT | METHOD OF KICKBACK PAYMENT |
|---|---|---|---|
| c.1 | 5/10/2010 | $1,950 | Via check # 1446 from Medical Equipment Provider's Bank of America account ending in 6548. |
| c.2 | 4/15/2011 | $2,300 | Via check # 5041 from Medical Equipment Provider's Bank of America account ending in 6548. |
| c.3 | 2/1/2012 | $3,726 | Via check # 5447 from Medical Equipment Provider's Bank of America account ending in 6548. |
| c.4 | 4/1/2013 | $3,200 | Via check # 6846 from Medical Equipment Provider's Bank of America account ending in 6548. |
| c.5 | 8/1/2014 | $4,100 | Via check # 8398 from Medical Equipment Provider's Bank of America account ending in 6548. |
| c.6 | 8/1/2015 | $3,041 | Via check # 8874 from Medical Equipment Provider's Bank of America account ending in 6548. |
| c.7 | 5/20/2016 | $2,094 | Via direct deposit to MICHAEL FREY M.D.'s FineMark National account ending in 0224. |

In violation of 18 U.S.C. § 371.

# COUNT TWO
## Conspiracy
## (18 U.S.C. § 371)

1. The allegations contained in paragraphs 1 through 10 of the Introduction are incorporated by reference herein.

### A. The Agreement

2. From an unknown date, but no later than on or about April 30, 2013, and continuing through at least in or about April 2015, in the Middle District of Florida and elsewhere, the defendant,

MICHAEL FREY, M.D.,

did knowingly and willfully combine, conspire, confederate, and agree with others, both known and unknown to the United States Attorney, to solicit and receive remuneration (including kickbacks) directly and indirectly, overtly and covertly, in cash and in kind, from Co-conspirator #1, in return for purchasing and ordering, and arranging for and recommending purchasing and ordering, any good and item, that is compounded pharmaceutical creams, for which payment was made in whole or in part under a Federal health care program, that is, the TRICARE program, in violation of 42 U.S.C. § 1320a-7b(b)(1)(B).

### B. Manner and Means

3. The manner and means by which the conspirators sought to accomplish the purpose and object of the conspiracy included, among others, the following:

a. It was a part of the conspiracy that MICHAEL FREY, M.D. would and did solicit and receive unlawful remunerations from Co-conspirator #1, as a sales representative for the Pharmacy, in exchange for the prescribing or arranging for the prescribing of compounded pharmaceutical creams to be filled by the Pharmacy.

b. It was further a part of the conspiracy that MICHAEL FREY, M.D., as prescribing physician, would and did cause the submission of TRICARE claims for reimbursement for compounded pharmaceutical creams procured through the payment of unlawful remunerations to the Physician.

c. It was further a part of the conspiracy that the conspirators would and did divert the fraud proceeds received from TRICARE for their personal use and benefit, and to further their fraudulent scheme.

d. It was further a part of the conspiracy that the conspirators would and did perform acts and make statements to misrepresent, hide, and conceal, and cause to be misrepresented, hidden, and concealed, the purpose of, and the acts done in furtherance of, said conspiracy.

### C. Overt Acts

4. In furtherance of the conspiracy, and to accomplish its object and purpose, at least one of the conspirators committed and caused to be committed in the Middle District of Florida and elsewhere at least one of the following overt acts, among others:

a. On or about the dates set forth below, each of which constitutes a separate overt act, MICHAEL FREY, M.D. received the following kickbacks from Co-conspirator #1 in the manner described:

| OVERT ACT | PAYMENT DATE | PAYMENT AMOUNT | METHOD OF KICKBACK PAYMENT |
|---|---|---|---|
| a.1 | 4/30/2013 | $1,600 | Cash |
| a.2 | 11/13/2013 | $10,000 | Cash |
| a.3 | 8/21/2014 | $5,000 | Cash |

b. On or about the dates set forth below, MICHAEL FREY, M.D. prescribed the compounded pharmaceutical creams, to be reimbursed by TRICARE, as follows:

| OVERT ACT | DATE OF PRESCRIPTION | PATIENT | TRICARE REIMBURSEMENT AMOUNT |
|---|---|---|---|
| **b.1** | 5/2/2013 | D.J. | $3,564.63 |
| **b.2** | 11/4/2013 | J.C. | $4,842.75 |
| **b.3** | 11/7/2013 | E.B. | $4,842.75 |
| **b.4** | 7/30/2014 | R.G. | $5,086.72 |
| **b.5** | 4/20/2015 | W.J.B. | $7,673.84 |

In violation of 18 U.S.C. § 371.

### FORFEITURE

1. The allegations contained in Counts One and Two of this Information are incorporated by reference for the purpose of alleging forfeitures pursuant to 18 U.S.C. § 982(a)(7).

2. Upon conviction of a violation of 42 U.S.C. § 1320a-7b(b)(1)(B), or a conspiracy to commit such offense (18 U.S.C. § 371), the defendant shall forfeit to the United States of America, pursuant to 18 U.S.C. § 982(a)(7), any property, real or personal, that constitutes or is derived, directly or indirectly, from gross proceeds traceable to the commission of the offenses.

3. The property subject to forfeiture includes, but is not limited to, the sum of $472,112.88, which represents the amount of proceeds obtained by the defendant as a result of the violations alleged in Counts One and Two of this Information.

4. If any of the property described above, as a result of any act or omission of the defendant:

    a. cannot be located upon the exercise of due diligence;

    b. has been transferred or sold to, or deposited with, a third party;

    c. has been placed beyond the jurisdiction of the court;

    d. has been substantially diminished in value; or

    e. has been commingled with other property which cannot be divided without difficulty,

the United States of America shall be entitled to forfeiture of substitute property under the provisions of 21 U.S.C. § 853(p), as incorporated by 18 U.S.C. § 982(b)(1).

MARIA CHAPA LOPEZ<br>
United States Attorney

By: _____
Rachel K. Jones
Assistant United States Attorney

By: _____
Simon R. Eth
Assistant United States Attorney

By: _____
Jesus M. Casas
Assistant United States Attorney
Chief, Fort Myers Division